# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION AT COVINGTON

| | |
|---|---|
| **NICHOLAS SANDMANN, by and through his parents and natural guardians, TED SANDMANN and JULIE SANDMANN,**<br><br>Plaintiff,<br><br>v.<br><br>**CABLE NEWS NETWORK, INC.,**<br><br>Defendant. | Civil Action No. 2:19-CV-31-WOB-CJS |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Charles D. Tobin (*pro hac vice*)
Maxwell S. Mishkin (*pro hac vice*)
BALLARD SPAHR LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com

James E. Burke (*pro hac vice*)
Sarah V. Geiger (KBA No. 96173)
Amanda B. Stubblefield (KBA No. 96213)
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
Telephone: (513) 579-6400
Fax: (513) 579-6457
jburke@kmklaw.com
sgeiger@kmklaw.com
astubblefield@kmklaw.com

*Counsel for Defendant Cable News Network, Inc.*

**PRELIMINARY STATEMENT**

Four days after this Court dismissed a parallel libel lawsuit against WP Company LLC d/b/a *The Washington Post* (the "*Post*"),[1] Plaintiff Nicholas Sandmann filed the instant motion for leave to amend his complaint against Cable News Network, Inc. ("CNN"). That timing is no coincidence. Indeed, the motion to amend, which asserts that the Court "ignored" Sandmann's arguments in its Opinion and Order in the *Post*'s favor, reads more like a bid for reconsideration in that case than a motion in this one.

As Sandmann's counsel clearly recognize, the Court's reasoning in the *Post* case also requires dismissal of this lawsuit against CNN. Both fail under the U.S. Constitution and Kentucky common law.  For the same reasons, amendment of the complaint here would be futile. The Court should reject Sandmann's efforts to recast allegations it rejected in his case against the *Post*, and it should deny his motion.

**BACKGROUND AND SUMMARY OF ARGUMENT**

Just like the *Post* case, this lawsuit arises from news coverage of an interaction on the National Mall between Sandmann and Native American elder Nathan Phillips. As the *Post* successfully argued, CNN argues in its pending motion to dismiss that the challenged statements are not actionable because they are (1) not about Sandmann, (2) not provably false statements of fact, and (3) not defamatory.[2]  The parties here fully briefed the arguments before the Court rendered its decision in the *Post* case.

In attacking that decision and attempting to avoid a similar result here, Sandmann alleges that the Court "ignored" his "well pleaded" allegations against the *Post* and "refused" to consider

---

[1] Case No. 1:19-cv-19-WOB-CJS, Doc. 47.

[2] CNN also argues that any statements of fact in its coverage are substantially true.

1

Editor's Notes the *Post* published after Sandmann sued the newspaper. For this reason, Sandmann alleges, the Court should permit him to amend his complaint against CNN to add allegations about the *Post*'s Editor's Notes and a similar note to readers published by a Sacramento television station.

But these notes published by third-parties have no bearing on CNN's motion. Moreover, Sandmann's critique of the *Post* order ignores what actually transpired in the *Post* case: Sandmann presented lengthy argument about the Editor's Notes in his opposition to the *Post*'s motion to dismiss and at the July 1, 2019 hearing before this Court. See *Post*'s Memorandum in Support of Motion to Dismiss (Doc. 27-1) at 18; Opposition to *Post*'s Motion to Dismiss (Doc. 36) at 1–2, 13, 25; *Post*'s Reply in Support of Motion to Dismiss (Doc. 37) at 10–11; Transcript of Oral Argument at 29 *et seq.* (July 1, 2019), attached to the declaration of Charles D. Tobin as Exhibit A.

In any event, these publications are not recent developments that Sandmann discovered after briefing closed on CNN's motion to dismiss.[3] Neither are the viral videos that Sandmann seeks to more explicitly reference in his proposed amended complaint or his alleged, *de minimis* claim of $438 in medical expenses. The only new development in the record is that Sandmann just lost his case against the *Post* with reasoning from the Court that applies equally to his lawsuit against CNN.

None of Sandmann's belated, proposed amendments will save his lawsuit against CNN from the fate of his lawsuit against the *Post*. Because amendment would be futile, the Court

---

[3] Although the Sacramento television station's note is not dated, it presumably published the note on or before March 27, when Plaintiff's counsel referenced it on Twitter. *See* https://twitter.com/LLinWood/status/1111001908955832321.

should deny Sandmann's motion, which serves only to further divert the Court's and the parties' resources and distract from CNN's fully briefed motion to dismiss.

## STANDARD OF REVIEW

Sandmann may amend his pleading only with CNN's written consent or the Court's leave. Fed. R. Civ. P. 15(a)(1)–(2). "Although a court 'should freely give leave [to amend a complaint] when justice so requires,' it is within a district court's discretion to permit [or deny] the amendment." *Degolia v. Kenton Cty.*, No. 2:17-cv-226, 2019 WL 2019095, 2019 U.S. Dist. LEXIS 76926, *18 (E.D. Ky. May 7, 2019) (Bertelsman, J.) (quoting *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 551 (6th Cir. 2008)).

Denial of leave to amend is appropriate where, as here, there is undue delay, bad faith, or dilatory motive by the movant or where amendment would be futile. *Id.* (denying leave to amend where the plaintiff "offered no explanation or justification" for his delay in moving to amend and where permitting the amendment would have prejudiced the defendant). "'Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss.'" *Bleid Sports, LLC v. NCAA*, 976 F. Supp. 2d 911, 913 (E.D. Ky. 2013) (quoting *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005)); *see also Shapiro v. Fid. Invs. Institutional Operations Co.*, 142 F. Supp. 3d 535, 539–42 (E.D. Ky. 2015) (denying leave to amend as futile where amended complaint would still fail to state a claim).

## ARGUMENT

Nothing prevented Sandmann from alleging everything in the proposed amended complaint before CNN filed its motion to dismiss, now fully briefed and awaiting decision. And nothing he wants to plead now would enable his lawsuit to survive the motion to dismiss.

Because his belated, proposed amendments are futile, for the reasons discussed below, the Court should deny Sandmann's motion.

> **I.   Amending the complaint to include more explicit references to certain video content is unnecessary and futile.**

A comparison of Sandmann's original complaint (Doc. 1) to his proposed amended complaint (Doc. 39-1) shows that most of the changes simply (1) use different language to refer to certain video content, including the "Taitano Videos," already before the Court (2) explain that Sandmann is relying on archived versions of news reports that no longer contain embedded content, or (3) make immaterial wording changes to paragraphs referencing the Taitano Videos. *See, e.g.,* the following portions of the proposed amended complaint:

- ¶ 69, which now contains a link to the Taitano Videos;

- ¶ 83, which provides a link to another video showing the Sandmann/Phillips confrontation;

- ¶ 163, which references Sandmann's reliance on archived news reports and changes the wording of ¶ 159 in the original complaint (nearly identical wording changes are made to similar paragraphs throughout the proposed amended complaint).[4]

Sandmann explains these proposed amendments as an attempt to make "unmistakably clear" that CNN embedded video content in certain news reports at issue. *See* Motion for Leave to Amend (Doc. 39) at 2. He further argues that such amendments are necessary because, in Sandmann's view, this Court did not fully appreciate the role of the video content in dismissing Sandmann's case against the *Post*.

---

[4] In addition, the proposed amended complaint appears to contain "new" allegations regarding the gist of certain news reports, *see, e.g.*, ¶¶ 156, 171–76, 207–08, and CNN's "anti-Trump agenda," *see* ¶ 258, but these additions are nearly identical to allegations Sandmann included in his original Complaint and fall squarely within arguments addressed by the parties on CNN's pending motion to dismiss.

Sandmann's argument is belied by the *Post* order, which explicitly references the Taitano Videos and the "Banyamyan Video" posted online by a member of the Black Hebrew Israelites. *Post* order (Doc. 47) at 3; *see also* Tobin Decl. Ex. A at 41 (at *Post*'s motion to dismiss hearing, Court informs Sandmann's counsel that it watched the Banyamyan video, and Sandmann's counsel responded that both the Taitano Videos and the Banyamyan video show "everything that happened" as "plain as day").

Regardless, in this case against CNN, amendment of the complaint to more explicitly reference certain video content is both unnecessary and futile. The pleadings squarely before the Court fully include all relevant video content. Among other locations, *see*:

- Complaint (Doc. 1) ¶¶ 66–68, which references the Taitano Videos and the derivative "2020fight Video."
- Memorandum in Support of CNN's Motion to Dismiss (Doc. 31-1) at 3–4, which notes in footnotes 1 and 2 that the Banyamyan Video and also the "Sandmann Video," published by Sandmann's counsel, are incorporated by reference into complaint and subject to judicial review. CNN has provided copies of both videos to the Court.
- *Id.* at 6, which notes in footnote 6 that CNN has provided copies of the challenged broadcasts to the Court.

Moreover, as discussed in CNN's motion to dismiss briefs, even when the video content is juxtaposed against challenged statements about the student group generally, it does not render those statements "of and concerning" Sandmann specifically. *See id.* at 14–16; Reply in support of Motion to Dismiss (Doc. 38) at 13–15. Sandmann's motion for leave to belatedly amend his complaint to more explicitly reference video content is therefore futile and should be denied.

II. **Statements by the *Post* and KTXL Fox40 are not relevant to any question in this case against CNN, and amendment to add such statements also would be futile.**

Plaintiff also wants to add allegations, found at ¶¶ 36–38 of the proposed amended complaint and new Exhibits T and U, about statements published by Sacramento, California television station KTXL Fox40 and the *Post* commenting on their own coverage of the

5

Sandmann/Phillips incident. Sandmann alleges these statements serve as a "practical demonstration that the accusations levied by Defendant CNN are capable of conveying the defamatory meanings ascribed to them by Sandmann and that those meanings are capable of being proven true or false." Motion for Leave to Amend (Doc. 39) at 2. Sandmann has raised this same argument before—in the *Post* case, where the Court rejected it, and for good reason.

Contrary to Sandmann's characterization, *see id.*, neither of these other news outlets' statements constituted an admission of liability or a waiver of the First Amendment and common law rights that this Court correctly upheld in the *Post* decision. Indeed, if instructive of anything relevant to CNN's motion (or the *Post* case, where Sandmann made this same, futile argument), publications like these clearly indicate that whether the students "blocked," "taunted" or otherwise intimidated or disrespected Nathan Phillips, or tried to "instigate a conflict," is subject to differing interpretations and therefore is a matter of opinion. *See Post* order at 8–10, 15–20; *see also Compuware Corp. v. Moody's Inv'rs Servs., Inc.*, 499 F.3d 520, 529 (6th Cir. 2006) ("[A] viable defamation claim exists only where a reasonable factfinder could conclude that the challenged statement connotes actual, *objectively verifiable* facts." (emphasis added)).

Moreover, coverage and statements by other news outlets is hardly relevant to whether CNN's journalism is entitled to the same stalwart legal protection as this Court enforced in the *Post* case.[5] Interpretation of the challenged statements to determine whether they are opinions

---

[5] Courts routinely reject defamation plaintiffs' efforts to use defendants' post-publication statements to contravene legal protection for the publications sued upon. *See, e.g., Virginia Citizens Defense League v. Couric*, 910 F.3d 780, 783 (4th Cir. 2018) (affirming Rule 12(b)(6) dismissal of a defamation claim even though a journalist had issued a public statement acknowledging that a film contained a "misleading" segment that "did not accurately represent" the response of her interviewees); *Wheeler v. Twenty-First Century Fox*, 322 F. Supp. 3d 445, 454 (S.D.N.Y. 2018) (dismissing complaint on substantial truth grounds, even though news channel had retracted the report).

incapable of conveying defamatory meaning, and/or are not of and concerning Sandmann, are "purely questions of law" for this Court. *See Post* order at 4; *see also Doe v. Coleman*, 436 S.W.3d 207, 210–11 (Ky. Ct. App. 2014); Restatement (Second) of Torts § 614; Sandmann's Opposition to Motion to Dismiss (Doc. 37) at 21 (acknowledging that whether statement is capable of defamatory meaning is question of law for the Court).

The third-party's publications simply do not inform the Court's consideration of this lawsuit against CNN. For this reason, amending the complaint to add these allegations would be futile as well, and the Court should deny the motion.

### III. Sandmann's effort to plead special damages will not save his lawsuit, and, regardless, his proposed amendment about his medical expenses is inadequate under Kentucky law.

The only other substantive amendment Sandmann proposes is in ¶ 296 of the proposed amended complaint, where Sandmann belatedly alleges that CNN's news reports caused him to incur $438 in medical expenses and that he anticipates sustaining additional "special damages" related to medical care in the future. As with Sandmann's other proposed amendments, the Court should likewise reject this proposed amendment as futile, for two reasons.

First, pleading special damages will not save Sandmann's lawsuit from dismissal. As CNN's pending motion to dismiss argues, the challenged statements are not actionable because they are not about him, they aren't statements of fact, they aren't defamatory, and/or they aren't materially false—an allegation of special damages does not change any of this. The Court should grant this motion for all the reasons the Court identified in the *Post* order.

Second, if any portion of Sandmann's case were to somehow survive the pending motion, he would have to plead and prove special damages to recover for statements that are libelous *per quod*. *See Sweeney & Co. v. Brown*, 60 S.W.2d 381, 384 (Ky. 1933)*; Dermody v. Presbyterian*

7

*Church (U.S.A.)*, 530 S.W.3d 467, 475 (Ky. Ct. App. 2017); *Sheliga v. Todd*, 2013 WL 869608, at *2 (Ky. Ct. App. Mar. 8, 2013).⁶ However, a $438 doctor's bill is not an allegation of special damage <u>to reputation causing actual economic loss</u> sufficient to sustain a libel *per quod* claim.

"Special damages are those beyond mere embarrassment which support actual economic loss; general damages relate to humiliation, mental anguish, etc." *Rich v. Ky. Country Day, Inc.*, 793 S.W.2d 832, 838 (Ky. Ct. App. 1990); *see also* KRS § 411.061(6) ("'Special damages' are pecuniary damages which the plaintiff alleges and proves that he has suffered in respect to his property, business, trade, profession, or occupation (including such amounts of money as the plaintiff alleges and proves he has expended as a proximate result of the alleged defamation), and no other."). The economic loss must be tied to <u>injury to reputation</u>—for example, a loss of income caused when defamatory statements lead to a plaintiff's firing or a loss of profits caused when defamatory statements cause customers to boycott a business. *See ATC Distrib. Grp., Inc. v. Whatever It Takes Transmissions & Parts, Inc.*, 402 F.3d 700, 716 (6th Cir. 2006) (applying Kentucky law and stating that "[t]he district court correctly concluded that ATC could not recover for defamation *per quod*, because it presented no evidence of any pecuniary loss as a direct and proximate result of the defamation"); *Disabled Am. Veterans, Dep't of Ky., Inc. v. Crabb*, 182 S.W.3d 541, 547 (Ky. Ct. App. 2005) ("To establish an action for slander per quod, a plaintiff must affirmatively prove 'special damages, *i.e.*, actual injury to reputation.'").

Monetary expenditures tied to "parasitic" forms of harm, such as the emotional distress Sandmann alleges caused him to incur a doctor's bill, are not sufficient. *See Zeran v. Diamond*

---

⁶ Plaintiff has disclaimed any claim of libel by implication, which would require him to plead special damages. *See* Reply in support of Motion to Dismiss (Dkt. 38) at 2; Opposition to Motion to Dismiss (Dkt. 37) at 40. Amendment would therefore not be needed to support a nonexistent implication claim.

*Broad., Inc.*, 203 F.3d 714, 718 (10th Cir. 2000) ("Emotional distress is not a form of special damages."); *Stern v. Cosby*, 645 F. Supp. 2d 258, 288 n.1 (S.D.N.Y. 2009) ("[S]pecial damages 'must flow directly from the injury to reputation caused by the defamation, not from the effects of the defamation.' A doctor's bill for treating mental anguish is not pecuniary loss, and therefore does not constitute special damages" (quoting *Nunez v. A-T Fin. Info. Inc.*, 957 F. Supp. 438, 441 (S.D.N.Y. 1997))); *Schlegel v. Ottumwa Courier*, 585 N.W.2d 217, 222 (Iowa 1998) ("'[D]efamation is not concerned with the plaintiff's own humiliation, wrath or sorrow, except as an element of "parasitic" damages attached to an independent cause of action.' In case of statements that are . . . libelous per quod, this means a plaintiff must first prove actual damage to reputation before the plaintiff can recover for mental anguish or hurt feelings" (quoting Prosser & Keeton § 111, at 771).); *Little Rock v. Dodrill*, 660 S.W.2d 933, 935 (Ark. 1983) ("An action for defamation has always required this concept of reputational injury and recovery for mental suffering alone has not been allowed.").[7]

Because the addition of allegations regarding Sandmann's medical bills are irrelevant to the pending motion to dismiss, and because the $438 he alleges he incurred does not constitute an adequate allegation of special damages, the proposed amendment is futile and should be denied.

---

[7] Moreover, even if a doctor's bill incurred because of alleged mental distress could somehow constitute pecuniary damages arising from reputational harm, $438 is so *de minimis* as to be inadequate. *See, e.g., Zeran*, 203 F.3d at 718 ("Plaintiff's *de minimis* medical expenses, consisting of one visit to his physician and one prescription drug purchase, are insufficient to support the cause of action. Under the principle of *de minimis non curat lex*, the *de minimis* doctrine, the law does not care for, or take notice of, very small or trifling matters.").

9

## CONCLUSION

For the foregoing reasons, CNN respectfully requests that the Court deny Sandmann's motion to amend his complaint and instead, proceed to resolve CNN's pending Motion to Dismiss with Prejudice.

Respectfully submitted,

| | |
|---|---|
| Charles D. Tobin (*pro hac vice*) | */s/ James E. Burke* |
| Maxwell S. Mishkin (*pro hac vice*) | James E. Burke (*pro hac vice*) |
| BALLARD SPAHR LLP | Sarah V. Geiger (KBA No. 96173) |
| 1909 K Street, NW, 12th Floor | Amanda B. Stubblefield (KBA No. 96213) |
| Washington, DC 20006 | KEATING MUETHING & KLEKAMP PLL |
| Telephone: (202) 661-2200 | One East Fourth Street, Suite 1400 |
| Fax: (202) 661-2299 | Cincinnati, OH 45202 |
| tobinc@ballardspahr.com | Telephone: (513) 579-6400 |
| mishkinm@ballardspahr.com | Fax: (513) 579-6457 |
| | jburke@kmklaw.com |
| | sgeiger@kmklaw.com |
| | astubblefield@kmklaw.com |

*Counsel for Defendant Cable News Network, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2019, I electronically filed the foregoing Opposition to Plaintiff's Motion for Leave to Amend Complaint via the CM/ECF system, which will send notice of filing to all parties of record.

*/s/ James E. Burke*
James E. Burke
